## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JULIA HARR,                                    Civil Action

       Plaintiff,                            No.

   v.

CENVEO CORPORATION,

       Defendant.                            JURY TRIAL DEMANDED


## CIVIL COMPLAINT

Plaintiff, Julia Harr, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Jurisdiction

1.    Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.    Plaintiff has exhausted the administrative remedies set forth under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, as follows:

    a.  On July 15, 2016, she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on sex and race association, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b.  On March 23, 2017, the EEOC issued a Notice of Right to Sue; and

    c.  Plaintiff filed this action within 90 days of receipt of that Notice.

### II. Parties

3.    Plaintiff, Julia Harr, is an adult female Caucasian individual who resides at 136 Brennan Avenue, Loyalhanna, Pennsylvania 15661.

1

4.      Defendant, Cenveo Corporation, is a corporation with a principal place of business located at 200 First Stamford Place, Stamford, Connecticut 06902.

5.      In 2016, Defendant employed more than 15 employees for 20 or more weeks of the calendar year.

### III. Factual Background

6.      Harr worked for Defendant May 8, 2012 to April 22, 2016 in the position of Human Resource Manager.

7.      In approximately December 2012, Harr began a romantic relationship with a production employee, Dontay Stokes, who is African American.

8.      Harr and Stokes did not announce their relationship to anyone in the company.

9.      Harr and Stokes had no direct reporting relationship.

10.     Harr showed no favoritism toward Stokes at work.

11.     Indeed, in December 2015, when Stokes was involved in an altercation with a white employee, Harr recommended that Stokes either be suspended or terminated, as long as he was treated equally to the white employee.

12.     On April 22, 2016, Defendant fired Harr, claiming she had a "perceived relationship with a production employee."

13.     Defendant has no policy against actual or perceived relationships in the workplace.

14.     In fact, Defendant has repeatedly tolerated known relationships between white male and female employees.

15.     For example, white male Plant Manager Chris Koontz had a romantic relationship with white female Production Supervisor Mina Crusan.  Defendant took no action against them.

16. Koontz also had a romantic relationship with white female Human Resource Manager Juliann Bock. Defendant took no action against them.

17. White male Production Supervisor James Kirchoff had a romantic relationship with white female Production Employee Debbie Prinkey. Defendant took no action against them.

18. White male Production Supervisor Evan Satovich had a romantic relationship with white female Production Employee Brandi Ater Satovich, and eventually married her. Defendant took no action against them, even when the couple married.

19. White male Production Supervisor Matt Butler had a romantic relationship with white female Production Employee Dena Graft. Defendant took no action against them.

20. White male Production Supervisor Ed Crosby had a romantic relationship with white female Production Employee Cammy Crosby, and eventually married her. Defendant took no action against them, even when the couple married.

21. White male Production Supervisor James Mumau had a romantic relationship with white female employee Elaine Mumau, and eventually married her. Defendant took no action against them, even when the couple married.

22. White male Warehouse Supervisor Bob McElfresh had a romantic relationship with white female Production Employee Colleen McElfresh, and eventually married her. Defendant took no action against them, even when the couple married.

23. White male Production Supervisor Richard Shutty had a romantic relationship with white female Production Employee Debbie Davis. Defendant took no action against them.

24. White male Production Supervisor Brian Soltis had a romantic relationship with white female Production Employee Molly Thomas. Defendant took no action against them.

25.     White male Production Supervisor supervises two white family members.  He also met his wife, a white female, while working for Defendant as an Adjuster. Defendant has taken no action against Murphy or any of his family members.

26.     Defendant's white female Human Resource Manager in its Ennis, Texas plant, Jamie McClary Perdue, had a romantic relationship with production employee/electrician, Mike Perdue, and eventually married him.  Defendant took no action against them, even when they married.

27.     Mr. and Mrs. Perdue have the exact same titles and reporting relationship as Stokes and Harr, respectively.

28.     After Defendant fired Harr, it offered her former position to a male at a significantly higher salary than it paid Harr.

29.     Defendant also told another male applicant that the Human Resource Manager position paid between $70,000 and $85,000.  This was between $5,000 and $15,000 more than Defendant paid Harr.

30.     Throughout Harr's employment, Defendant paid her significantly less than it paid its male managers, including Plant Manager Jason Hinkle, Director of Customer Service Jerry Fiano, Controller Stephen Bechard, Plant Engineer Mike Kinyon, Supply Chain Manager Mike Kalafsky, and Assistant to the Plant Manager Evan Satovich.

31.     Harr's job responsibilities were similar to the responsibilities of the above-mentioned males, and were actually greater than the responsibilities of the Assistant to the Plant Manager position.

## COUNT I
### Title VII: Racial Association Discrimination

32.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 32 as if fully restated.

33.    Defendant fired Harr because of her relationship with an African American individual, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

34.    Defendant's actions toward Harr were undertaken with malice or reckless indifference to her federally protected right to be free from discrimination.

35.    As a direct and proximate result of Defendant's actions toward Harr because of her racial association, she has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Harr respectfully requests judgment in her favor and the following relief:

    a.  Payment of back pay to compensate her for lost wages;

    b.  Reinstatement to the position of Human Resource Manager, or front pay in the event reinstatement is not feasible;

    c.  Compensatory damages for emotional distress and like injuries;

    d.  Punitive damage to punish Defendant and to deter it and others from like conduct;

    e.  Reasonable attorneys' fees and costs; and

    f.  Such other legal or equitable relief which this Court finds just and proper.

## COUNT II
### Title VII: Sex Discrimination in Termination

36.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 35 as if fully restated.

37.    Defendant fired Harr because of her sex, in violation of Title VII of the Civil

5

Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

38.     Defendant's actions toward Harr were undertaken with malice or reckless indifference to her federally protected right to be free from discrimination.

39.     As a direct and proximate result of Defendant's actions toward Harr because of her sex, she has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Harr respectfully requests judgment in her favor and the following relief:

    a.  Payment of back pay to compensate her for lost wages;

    b.  Reinstatement to the position of Human Resource Manager, or front pay in the event reinstatement is not feasible;

    c.  Compensatory damages for emotional distress and like injuries;

    d.  Punitive damage to punish Defendant and to deter it and others from like conduct;

    e.  Reasonable attorneys' fees and costs; and

    f.  Such other legal or equitable relief which this Court finds just and proper.

## COUNT III
### Title VII: Sex Discrimination in Pay

40.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 39 as if fully restated.

41.     Defendant paid Harr less than similarly-situated males because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

42.     Defendant's actions toward Harr were undertaken with malice or reckless indifference to her federally protected right to be free from discrimination.

43.     As a direct and proximate result of Defendant's actions toward Harr because of her

sex, she has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Harr respectfully requests judgment in her favor and the following relief:

    a. Payment of back pay to compensate her for lost wages;

    b. Compensatory damages for emotional distress and like injuries;

    c. Punitive damage to punish Defendant and to deter it and others from like conduct;

    d. Reasonable attorneys' fees and costs; and

    e. Such other legal or equitable relief which this Court finds just and proper.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

100 First Avenue
Suite 1010
Pittsburgh, PA 15222
(412) 230-8436

Attorney for Plaintiff